UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22975

KENT ANTONIO BELIDE WAIDWIGHT,

    Plaintiff,

vs.

TOPS KITCHEN CABINET AND GRANITE, LLC
AND CHENG HUANG,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Kent Antonio Belide Waidwight, sues Defendants, Tops Kitchen Cabinet and Granite, LLC and Cheng Huang, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Kent Antonio Belide Waidwight**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Tops Kitchen Cabinet and Granite, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Cheng Huang,** was and is an owner/officer/director/manager of the

1

corporate Defendant for the time period relevant to this lawsuit. Defendant, Cheng Huang, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sale, and shipping of kitchen and bathroom remodeling materials that move through interstate commerce.

2

14. Defendants transported, received, packaged, re-packaged, shipped, and installed kitchen and bathroom remodeling materials, including cabinetry, countertops, sinks, handles, and granite that moved through interstate commerce.

15. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18. Plaintiff worked for Defendants from approximately August 2008 through July 25, 2022.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work, which included packaging and re-packaging cabinetry, handles, and finishes that arrived from outside of the State of Florida and/or which was sent to locations outside of the State of Florida.

21. Defendants paid plaintiff an hourly rate of pay.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

22. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

## *Liability*

23. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

24. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

26. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

28. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Kent Antonio Belide Waidwight, demands the entry of a judgment in her favor and against Defendants, Tops Kitchen Cabinet and Granite, LLC and Cheng Huang, jointly and severally after trial by jury and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Kent Antonio Belide Waidwight, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of September 2022,

                                                s/Brian H. Pollock, Esq.
                                                Brian H. Pollock, Esq.
                                                Fla. Bar No. 174742
                                                brian@fairlawattorney.com
                                                FAIRLAW FIRM
                                                135 San Lorenzo Avenue
                                                Suite 770
                                                Coral Gables, FL 33146
                                                Tel:    305.230.4884
                                                *Counsel for Plaintiff*

6